Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOSEPH SARKADI, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>     vs.<br><br>SPRUCE POWER 1, LLC, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692, *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOSEPH SARKADI ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action against Defendant, SPRUCE POWER 1, LLC ("Defendant"), alleging the following upon information and belief based upon personal knowledge:

**INTRODUCTION**

1.    Plaintiff brings this class action on behalf of all individuals who received collection letters from Defendant wherein Defendant harassed consumers and used deceptive means in attempting to collect alleged debts, thereby violating the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION & VENUE**

2.    This Court has original jurisdiction over this matter because it arises under the laws of the United States.  Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3.    A substantial part of the events giving rise to this action occurred in the County of Ventura, California.  Venue is therefore proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.    Plaintiff is a natural person residing in Ventura County, California who allegedly owed or owes a debt and is thereby a "consumer" under the FDCPA, 15 U.S.C. § 1692a(3).

5.    At all relevant times herein, Defendant was a company engaged, by

use of emails, in the business of collecting a debt from Plaintiff and others which qualifies as a "debt" under the FDCPA, 15 U.S.C. § 1692a(5). Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

///

///

## FACTUAL ALLEGATIONS

8.     On or about January 26, 2015, Plaintiff had a company named Verengo Solar install solar panels on the roof of his home. Upon information and belief, Verengo Solar was a tradename of Kilowatt Systems, LLC at the time.

9.     Shortly thereafter, Verengo Solar declared bankruptcy and sold its business.

10.     A short period of time after Plaintiff had the solar system installed, he discovered that the solar system did not generate useful electricity and thus failed to work as intended.

11.     Plaintiff contacted Verengo Solar, or its successor(s) in interest, and informed them that the system did not work. Plaintiff further stated his intention not to pay for any further solar services.

12.     Accordingly, Varengo Solar, or its successor(s) in interest, disconnected Plaintiff's system approximately five years ago.

13.     During or about 2022, Defendant began contacting Plaintiff in an effort to collect an alleged debt related to solar energy.

14.     Plaintiff responded to Defendant's initial correspondence by letter, explaining the background of the situation and disputing the validity of the alleged debt.

15.     Defendant ignored Plaintiff's letter and continued its attempts to

collect the alleged debt.

16.     On or about December 12, 2022, Defendant sent Plaintiff a letter in an effort to collect an alleged debt in the amount of $3,998.55. The letter is signed by Neicy McQuarter, whose title is indicated as "Litigation Specialist."

17.     Defendant's letter began by stating: "Your account is more than OVER 100 DAYS."

18.     Defendant stated in the letter that the amount Plaintiff allegedly owed was subject to change because new charges were accruing on a monthly basis and additional interest or other charges would accrue in the future.

19.     Defendant stated in the letter that Plaintiff is or will be responsible for additional charges in connection with collection on the alleged debt unless Plaintiff pays it.

20.     Defendant stated in the letter that failure to comply with Defendant's terms stated therein will result in the referral of the debt to Defendant's agent who will charge Plaintiff further fees or interest.

21.     Moreover, Defendant made vague threats in connection with collection on the alleged debt. Specifically, Defendant's letter stated: "We are considering taking legal action against you to recover this obligation. A continuation of your delinquency without acceptable repayment arrangements being made may subject you to further action to recover this obligation."

22.     Defendant's letter further attempted to use these threats as leverage to induce Plaintiff to purchase a solar system: "Please call our litigation specialists immediately upon receipt of this letter to discuss some amicable resolution of this matter, including you purchasing the solar system, prepaying the balance on your account, or entering a payment plan."

23.     Defendant's vague reference to "litigation specialists" gave Plaintiff the impression that the author of the letter was representing itself as an attorney.

24.     Defendant's letter continued to threaten Plaintiff by stating that if he did not contact Defendant's "litigation specialist" immediately, it would consider "commencing an involuntary proceeding" against him.

25.     Defendant also attempted to scare Plaintiff into complying with its demands by stating in its letter "…if we do not hear from you, decide not to proceed with litigation, and cancel the debt, we will send notice of such to you and the Internal Revenue Service, which will treat such cancellation of debt as income. This will result in you being liable for the taxes associated therewith, which you will be required to pay to the Internal Revenue Service."

26.     Furthermore, Defendant made no representations or disclosures as to its obligations to Plaintiff under the FDCPA or Plaintiff's rights thereunder.

27.     Given the disproportionate bargaining power between Defendant and Plaintiff, the aforementioned representations and collection efforts by Defendant

are likely to mislead and confuse the least sophisticated consumer as to their own rights and obligations and those of Defendant.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff felt harassed, annoyed, anxious, threatened, and deceived.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself, and all others similarly situated, as a member of the proposed class ("The Class") defined as follows:

> All persons in the United States whom Defendant sent any letter in an effort to collect an alleged debt within one (1) year of filing this complaint wherein Defendant made deceptive representations regarding the rights and obligations of Defendant and consumers in writing.

30.     Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. All claims of The Class are based on the FDCPA.

31.     This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

32.     Plaintiff and members of The Class were harmed in the same way, namely the following: they were misled by Defendant with respect to the nature, amount, and legality of the alleged debts and Defendant's rights with respect

thereto; and they all felt harassed, annoyed, or anxious as a result of Defendant's conduct.

33.    The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.   Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

34.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.   These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether Defendant engaged in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with collection of a debt;

b.    Whether Defendant used deceptive means in connection with the collection of debts;

c.    Whether Defendant used unfair or unconscionable means in connection with collection on a debt;

d.    Whether Defendant misrepresented the rights and obligations of Defendant and consumers; and

e.    The nature and extent of damages and other remedies to which

the conduct of Defendant entitles The Class members.

35.     Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA.

36.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

37.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

38.     The prosecution of separate actions by thousands of individual Class

members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

39.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

40.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.
### (By Plaintiff and The Class)

41.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

42.    A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.  By engaging in the above detailed

conduct, Defendant violated this provision of the FDCPA.

43.     A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt.  15 U.S.C. §1692e(2)(A).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

44.     A debt collector may not represent or imply that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action. 15 U.S.C. § 1692e(4).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

45.     A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. 15 U.S.C. §1692e(5).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

46.     A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. 15 U.S.C. §1692e(10).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

47.     A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. 15 U.S.C. §1692f.  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

48.     A debt collector may not collect any amount, including interest, fees, charges, or expenses incidental to the principal obligation, unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

49.     A debt collector may not continue to attempt collection of an alleged debt without providing verification of the alleged debt after being notified in writing that the alleged debt was disputed. 15 U.S.C. § 1692g. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

50.     As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. § 1692k(a)(1)-(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. § 1692k;

3.  For actual damages according to proof;

4.  For reasonable attorneys' fees and costs of suit;

5.  For prejudgment interest at the legal rate; and

6.  For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

51.   Plaintiff demands a trial by jury on each and every claim so triable pursuant to his rights under the Seventh Amendment to the United States Constitution.


Respectfully submitted,

Dated: April 3, 2023

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


/s/ Todd M. Friedman
Todd M. Friedman
Attorneys for Plaintiff, JOSEPH SARKADI